# United States District Court
Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 09-CR-155-C-02 |
| STEPHEN N. VERNIER | **Defendant's Attorney:** Kelly A. Welsh |

The defendant, Stephen N. Vernier, pleaded guilty to count 1 of the information.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1344 | Bank Fraud, a Class B felony | August 28, 2008 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | September 30, 1946 | March 10, 2010 | |
| **Defendant's USM No.:** | 06967-090 | Date of Imposition of Judgment | |
| **Defendant's Residence Address:** | 8845 East 46th Place<br>Tulsa, OK 74145 | /s/ Barbara B. Crabb | |
| **Defendant's Mailing Address:** | 8845 East 46th Place<br>Tulsa, OK 74145 | Barbara B. Crabb<br>District Judge | |
| | | March 10, 2010 | |
| | | Date Signed: | |

# IMPRISONMENT

As to the one-count information, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 24 months. I recommend that defendant be afforded a prerelease placement in a residential reentry center with work release privileges.

Defendant presents neither a flight risk nor a danger to the community. Therefore, execution of the sentence of imprisonment is stayed until April 12, 2010, when he is to report to an institution to be designated by the Bureau of Prisons between the hours of 10 a.m. and 2 p.m. Defendant's release on bail and conditions of pretrial services supervision are continued until April 12, 2010.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a three-year term of supervised release.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

In light of the nature of the offense and the history and characteristics of defendant, I adopt special conditions one through five as outlined in the presentence investigation report. Neither party has raised objections to the special conditions.

The instant offense is not drug related and defendant has no history of drug use. Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is waived.

As special conditions, defendant is to:

1)     Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

(2)     Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns;

3)     Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. probation officer;

4)     Not transfer, give away, sell or otherwise convey any asset worth more than $200 without the prior approval of the supervising U.S. probation officer; and

5)     Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $0.00 | $1,422,566.32 |
| **Total** | $100.00 | $0.00 | $1,422,566.32 |

This judgment is being amended to reflect that defendant is ordered to pay $50,000 within 60 days of this judgement, rather than $75,000 as previously noted on the original judgment dated March 3, 2010. It also reflects a change in defendant's zip code for his mailing address.

Defendant is to pay mandatory restitution in the amount of $1,422,566.32 joint and several with codefendant Timothy Vernier to the U.S. Clerk of Court for the Western District of Wisconsin to be disbursed as follows:

Farmers and Merchants Bank          $1,145,810.08
c/o Nate Parrish
1000 Superior Avenue
Tomah, WI 54660

First Bank                          $276,756.24
c/o Cynthia Erdman
P.O. Box 810
Tomah, WI 54660

Defendant is ordered to pay $50,000 within 60 days of this judgment. This can be done by liquidating his non-exempt assets noted in the presentence report.

Further, it is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant does not have the means to pay a fine under the guidelines. Therefore, the fine is waived.

## RESTITUTION

| NAME OF PAYEE | TOTAL AMOUNT OF LOSS | AMOUNT OF RESTITUTION ORDERED | PRIORITY ORDER OF PAYMENT |
|---|---|---|---|
| Farmers and Merchants Bank | $1,145,810.08 | $1,145,810.08 |  |
| First Bank | 276,810.08 | 276,810.08 |  |
| Totals: | $ 1,422,566.32 | $ 1,422,566.32 |  |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

      (1) assessment;
      (2) restitution;
      (3) fine principal;
      (4) cost of prosecution;
      (5) interest;
      (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.